IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA,

                               Criminal Action No.
       v.                        09-CR-263 (DNH)

EZELL HICKS, JR.,

       Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


## SENTENCING MEMORANDUM OF THE UNITED STATES

**I**.     **INTRODUCTION**

     On November 9, 2009, the Defendant, EZELL HICKS, JR., entered a plea of guilty to count 1 of Indictment 09-CR-263 charging him with the felony offense of being a convicted felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1).  The United States submits this Memorandum in anticipation of sentencing, which is scheduled for March 12, 2010.

     This Memorandum addresses the Presentence Investigation Report and the Defendant's objections or arguments to date.  If the Court is considering a  departure from the applicable Sentencing Guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond.

*See* Fed R. Crim. P. 32(i)(1)(c), 32 (h).

## II.    PLEA AGREEMENT

There is no plea agreement in this case.

## III.    PRESENTENCE REPORT

### A.    Factual Findings

The United States adopts the facts in the Presentence Investigation Report dated February 3, 2010, without qualification.

### B.    Calculation of the Sentencing Guidelines Range

The United States adopts the Sentencing Guidelines calculations in the Presentence Investigation Report in all respects.

## IV.    MOTIONS AND REQUESTS OF THE UNITED STATES

### A.    Ex Parte Communications With The Court

The United States respectfully requests that the Court provide the parties with any ex parte communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

## V.    GOVERNMENT'S RECOMMENDATION WITHIN GUIDELINES RANGE

The government respectfully contends that a sentence within the Guidelines range would be "sufficient, but not greater than necessary," to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2).

"[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, __ U.S. __, 128 S. Ct. 558, 574 (2007); *see, e.g., Gall v. United*

*States*, __ U.S. __, 128 S. Ct. 586, 594 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"); *United States v. Rattoballi*, 452 F.3d 127, 133 (2d Cir. 2006) (Guidelines were fashioned after careful consideration of the other § 3553(a) factors by "an expert agency whose statutory charge mirrors the § 3553(a) factors").  Moreover, within-Guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act -- "to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456, 2467 (2007).

 The government objects to the imposition of a sentence below the Guidelines range calculated in the Presentence Investigation Report.  The record reveals no mitigating factors not adequately considered by the Sentencing Commission that would remove this case from the "mine-run" of similar cases, *see Rita*, 127 S. Ct. at 2465.

## VI.  PROCEDURAL REQUIREMENTS

### A.    Consideration of the Sentencing Guidelines and the § 3553(a) Factors

The Court "should begin all sentencing proceedings by correctly calculating the applicable guidelines range." *Gall*, 128 S. Ct. at 596 (2007); *see United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (citing a failure to calculate the Guidelines range or an incorrect calculation of the Guidelines range as examples of procedural error).  In addition, in determining the sentence, the Court must consider the sentencing factors in § 3553(a). *Cavera*, 550 F.3d at 188-89.

If the Court decides to impose a non-Guidelines sentence, the Court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 128 S. Ct. at 597.  "[A] major departure should be supported by a

more significant justification than a minor one." *Id.*  Although a sentencing court may vary from a Guideline range based on a policy disagreement with the Guidelines, such a deviation may not be entitled to the same deference as a fact-based deviation.

> [A] decision to vary from the advisory Guidelines may attract greatest respect when the sentencing judge finds a particular case "outside the 'heartland' to which the Commission intends individual Guidelines to apply.". . . On the other hand, while the Guidelines are no longer binding, closer review may be in order when the sentencing judge varies from the Guidelines based solely on the judge's view that the Guidelines range "fails to properly reflect § 3553(a) considerations" even in a mine-run case.

*Kimbrough*, 128 S. Ct. at 574-75 (citations omitted); *see Cavera*, 550 F.3d at 192.

## B.    Resolution of Material Issues of Fact

Prior to sentencing, the Court must resolve any material issues of fact, and must state its factual findings – by adoption of the Presentence Report or otherwise – on the record in a manner sufficient to permit appellate review.  *See, e.g., United States v. Phillips, 431 F.3d 86, 93-94* (2d Cir. 2005).  The Court is authorized to make all factual determinations relating to the Sentencing Guidelines by a preponderance of the evidence, considering any reliable evidence, including hearsay.  *See United States v. Gonzalez*, 407 F.3d 118, 125 (2d Cir. 2005); *United States v. Martinez*, 413 F.3d 239, 243 (2d Cir. 2005).

## C.    Statement of Reasons for the Sentence

Section 3553(c) requires the Court, "at the time of sentencing," to "state in open court the reasons for its imposition of the particular sentence."  Although a Guidelines sentence "will not necessarily require a lengthy explanation," where a  party presents non-frivolous reasons for a non-Guidelines sentence "the judge will normally go further and explain why he has rejected those arguments."  *Rita*, 127 S. Ct. at 2468.  If the Court decides to impose a non-Guidelines

sentence it must state "the specific reason" for imposing a sentence other than a Guidelines

sentence, and the "reasons must also be stated with specificity" in the written judgment. 18

U.S.C. § 3553(c)(2); *Cavera*, 550 F.3d at 193; *United States v. Goffi*, 446 F.3d 319, 321-22 (2d

Cir. 2006).

**VII.**    **CONCLUSION**

    The United States respectfully contends that the recommended sentence sentencing range

is the most appropriate, because it is "sufficient, but not greater than necessary" to achieve the

goals of sentencing.

Dated: February 17, 2010             Respectfully submitted,

                                 RICHARD S. HARTUNIAN
                                 United States Attorney


                       By: /s/_____
                             Ransom P. Reynolds
                             Assistant U. S. Attorney
                             Bar Roll No. 512035